# IN THE COURT OF APPEALS OF IOWA

No. 14-0815
Filed November 26, 2014

**Upon the Petition of**
**JOHN BURDETTE MEYER,**
    Petitioner-Appellee,

**And Concerning**
**JESSICA RENEE LEFRANCES SOULES,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Mitchell E. Turner, Judge.


A mother appeals the district court's physical care decision.  **AFFIRMED.**


James T. Peters, Independence, for appellant.

Joseph G. Bertroche Jr. of Bertroche Law Office, Cedar Rapids, and Randy E. Trca, Iowa City, for appellee.


Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Jessica Soules appeals the district court's decision granting John Meyer physical care of their daughter. Jessica claims the district court erred by failing to require John to satisfy the higher burden applicable in custody modification actions before placing the child in John's care. She also claims placing the child in John's care is not in the child's best interest. After reviewing the briefs and the record in this case, we affirm the decision of the district court.

## I. Background Facts and Proceedings.

A daughter was born to Jessica and John in 2003. The parties never married but lived together for approximately a year after the child was born. In the fall of 2004, the parties separated, and John moved to a neighboring town. Both parties worked full time and shared physical care of the child with John caring for her after work until the next morning when he would return the child to Jessica's care. The parties alternated caring for the child on weekends. This care arrangement continued until 2006 when John went back to school at the University of Iowa and moved to Iowa City. John voluntarily paid Jessica child support, and a support order was subsequently entered. However, this order did not address custody or care.

Jessica, along with the child, moved in with Nick Soules in 2008, and Jessica and Nick were married in 2009. Jessica and Nick separated in 2011 and divorced in 2012. John married Suyapa Yaneth Manueles Ventura (Janet) in 2008, and they have two children, ages five and two at the time of the trial in this case.

John enlisted in the military to assist in paying for school and in 2010 was deployed to Afghanistan for a year. While he was deployed, Jessica was arrested and convicted of second offense operating while intoxicated.[1] The child was in the vehicle with her at the time, and Jessica received a deferred judgment on a child endangerment charge as a result. Jessica was found to have failed to provide proper supervision for the child after a department of human services (DHS) investigation, and Jessica was placed on the child abuse registry.

After returning from his deployment, John filed a petition to establish custody, care, visitation, and support. During the pendency of the case, the parties filed, and the court approved, a temporary joint stipulation, placing the child in Jessica's care subject to John's weekend visitation. The case proceeded to trial in April 2014. The district court granted the parties joint legal custody and placed the child in John's physical care "after considering the conduct of the parties, their past decisions, their stability, and their likelihood to promote [the child's] relationship with both parents."

Jessica now appeals, asserting the court should have required John to satisfy the higher burden applicable in child custody modification actions rather than the lower burden applicable in initial custody determinations. She also claims the child's best interests require that the child be placed in her physical care.

---

[1] Jessica had an operating while intoxicated conviction in 2008, though the child in question was staying with John at that time.

## II. Scope and Standard of Review.

We review custody decisions de novo as they are heard in equity, but we give weight to the district court's factual findings. *McKee v. Dicus*, 785 N.W.2d 733, 736 (Iowa Ct. App. 2010). Our overarching consideration is the best interest of the child. *Id.*

## III. Physical Care.

Jessica asserts on appeal the district court should have applied the higher burden of proof applicable to custody modification actions.[2] John contends Jessica failed to preserve error on this claim as she did not ask the district court to apply the modification burden of proof and she did not file a posttrial motion seeking the district court to rule on what burden of proof was applicable to this case.

> It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.

*Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We have reviewed the record and the district court decision and neither the parties nor the district court

---

[2] In modification actions, the party seeking to change the custodial arrangements must prove "there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). The party must also show the ability to offer superior care. *Id.*

addressed the issue of whether the modification burden of proof is applicable to this case. As a result, we find the issue not preserved.[3]

Next, Jessica claims it is not in the child's best interests to be placed in John's physical care. She notes the child has attended and thrived in the same school district most of her life, receiving high marks and participating in extracurricular activities. She claims a change in the child's school and home life would result in trauma and uncertainty. She claims John's presence in the child's life has been sporadic and that she has been the stabilizing influence. Jessica also points to the proximity of her extended family. She acknowledges the court's concern about her denying John visitation for arbitrary reasons during the pendency of this case but claims this was due to the stress of the litigation.

In determining placement with John was in the child's best interest, the district court was concerned about the visitation conflicts caused by Jessica and determined Jessica's actions spoke poorly of her ability to promote John's relationship with the child. The court also determined Jessica inappropriately involved the child in the details of the custody proceeding, which demonstrated Jessica's inability to put the child's interests before her own. There was no evidence to support Jessica's claim that placing the child with John would have any lasting detrimental effects.

---

[3] While we find the issue has not been preserved in this case, it should be noted we have previously addressed the issue of what burden of proof is applicable where there has been no previous court decree of custody or care, but the parties have a long standing custodial arrangement. *See McKee*, 785 N.W.2d at 736–37. We "consider the previous pattern of caregiving [as] an important factor," but the correct burden of proof is that applicable to initial custody determinations. *Id.* The district court in this case applied the correct burden of proof.

The district court was also concerned not only with Jessica operating a vehicle significantly under the influence of alcohol with the child in the car, but also with Jessica being in an intoxicated state when John's parents attempted to drop off the child to her at the end of their visitation while John was deployed. Jessica underwent a substance abuse evaluation, which did not recommend any treatment, but the court found the evaluator was not given accurate information regarding the extent of Jessica's alcohol use. Jessica refused to provide the DHS investigator with a breath test when requested, and she demanded John provide her with alcohol in order to exercise his visitation. The district court found Jessica's testimony that she does not have an alcohol problem to be "utterly not credible." We give deference to the district court's credibility findings. *McKee*, 785 N.W.2d at 736 ("[W]e give weight to the factual findings of the district court, especially when considering the credibility of witnesses.").

Based on our de novo review of the record and briefs, we find placing the child in John's physical care to be in the child's best interests in this case. We therefore affirm the decision of the district court.

**AFFIRMED.**